UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:13-CR-71-TAV-HBG-2 |
| ) | |
| ANGELA DENISE WHITE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This criminal case is before the Court on the government's Motion to Defer Ruling Upon § 3582(c) Motion to Permit Supplemental Briefing by Both Parties [Doc. 285]. The defendant has filed a *pro se* motion pursuant to 18 U.S.C. § 3582, in which she seeks a reduction of her sentence as a result of Amendment 782 to the United States Sentencing Guidelines Manual. The government submits that the defendant appears eligible for the reduction, but that she will not be eligible for release within fifteen months of the filing of the motion to defer, even if granted the maximum reduction. As such, the government asserts that the defendant is not "deserving of priority treatment."

On November 1, 2014, the guideline amendment reducing by two levels the offense levels assigned to the quantities in sections 2D1.1 and 2D1.11 of the *United States Sentencing Commission Guidelines Manual*, designated as Amendment 782 in Appendix C, and made retroactive by Amendment 788 in Appendix C, became effective. In its August 8, 2014, Standing Order, SO-14-07, the Court recognized that a large

number of defendants may be affected by Amendment 782 and appointed the Federal Defender Services of Eastern Tennessee ("FDS") to represent all defendants in this regard, unless a defendant has retained counsel or the previously appointed CJA attorney desires to represent the defendant. Under SO-14-07, the FDS is required to identify those defendants with a claim for Amendment 782 relief, and the Court encouraged the FDS, along with the Probation Office and the United States Attorney's Office, to also "identify[] those cases deserving of priority treatment, *i.e.*, those cases where a defendant's release date is near."

Based upon the government's motion it appears that this is not a case deserving of priority treatment, as the defendant's release date would not be for at least one year from entry of this order. Thus, the Court finds good cause to defer ruling upon the § 3582 motion so that the FDS may file a supplemental brief and the government may respond. The motion [Doc. 285] is therefore **GRANTED**. The FDS shall file a supplemental brief at least one hundred (100) days before the release date connected with the maximum potential reduction,[1] and the government shall comply with SO-15-01 by responding within forty-five (45) days. The Clerk is **DIRECTED** to provide Elizabeth Ford, Federal Community Defender, with a copy of this order.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] To the extent the defendant's previously-appointed CJA panel attorney desires to represent the defendant in this regard, the Court's directive that the FDS file a supplemental brief applies to the CJA panel attorney with equal force.