UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ANGELA DENISE WHITE, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:13-CR-71-TAV-HBG |
| | ) | 3:15-CV-249-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Petitioner Angela Denise White ("White") pleaded guilty pursuant to a plea agreement [Doc. 78],[1] to a charge of conspiring to distribute at least five kilograms of cocaine [Doc. 302]. The Court sentenced White to a term of 250 months' imprisonment, followed by ten years of supervised release [Doc. 215]. White filed a § 2255 motion, alleging several claims, and requesting that her sentence be corrected and reduced to between 70 and 87 months [Doc. 300]. The next month White filed a timely amendment to the §2255 motion, alleging three additional grounds for having her sentenced reduced [Doc. 304]. The Government responded in opposition [Doc. 303], and White filed a reply [Doc. 314].

White also filed a pro se motion under 18 U.S.C. § 3582(c) for a reduction in sentence [Doc. 284], which she later supplemented [Doc. 325].[2] The Court granted that Motion and reduced White's sentence to 75 months [Doc. 331].[3]

---

[1] All references are to the record in case no. 3:13-CR-71-TAV-HBG.

[2] White was represented by counsel, Federal Defender Services of Eastern Tennessee, on the supplemental filing.

[3] According to the Bureau of Prisons, White's release date is now December 15, 2018.

**I.    STANDARD OF REVIEW**

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, to obtain relief, a petitioner must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceedings invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and demonstrate a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F3d 427, 430 (6th Cir. 1998).

**II.    ANALYSIS**

As a threshold matter, any claim which White is making about the correctness of her sentence, or the validity of her guilty plea, is procedurally defaulted, because they were not raised on direct appeal. *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). A Petitioner who raises a claim for the first time on collateral review must show that (1) she had good cause for not raising it earlier and would suffer "actual prejudice" if it were not reviewed, or (2) she is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). White has not even attempted to excuse her procedural default, so her claim must be dismissed on that basis.

Second, White's § 2255 motion seeks, for relief, a reduction of sentence to a "range of 70-87 months." Therefore, her motion is moot. The Court has granted her a reduction in

sentence to 75 months, which is within the range of sentence she requested in her § 2255 motion. In other words, the Court has granted to Petitioner the exact relief she requested in the subject motion, and for that reason the subject motion must be denied as moot.

## III. CONCLUSION

The Court finds that the Petitioner's Motion pursuant to 28 U.S.C. § 2255 is moot. A hearing is unnecessary in this case. A judgment will enter **DENYING** the Motion [Docs. 300, 304].

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE